IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROSE LAW FIRM, P.C.**,

       Plaintiff,

   v.

**MELISSA MAHLER**,

       Defendant.

No. 3:18-cv-01536-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This matter comes before me on Plaintiff's Motion to Remand [3] and Motion to Strike [9]. For the following reasons, Plaintiff's Motion to Remand [3] is GRANTED, Plaintiff's Motion to Strike [9] is DENIED AS MOOT, and this case is remanded to Clackamas County Circuit Court.

## BACKGROUND

    Plaintiff Rose Law Firm hired Defendant Melissa Mahler as a freelance attorney through an online platform, Upwork. Upwork required both Plaintiff and Defendant to agree to Upwork's Terms of Service, including payment through the system based on an agreed upon hourly rate and contract terms. In connection with their employment agreement, Plaintiff and Defendant

1 – OPINION AND ORDER

signed a confidentiality agreement which prohibited Defendant from damaging Plaintiff's relationships with clients, employees, and independent contractors.

Plaintiff and Defendant eventually terminated their agreement, and following termination one of Plaintiff's employees and at least one of Plaintiff's clients left Plaintiff's firm to work with Defendant. Following the separation, Defendant sent Plaintiff several emails demanding further payment and claiming she was owed $66,494.

Plaintiff filed suit in Clackamas County Circuit Court on May 22, 2017, seeking declaratory relief that Plaintiff did not owe Defendant any further payment under the Upwork contract, and a declaration that Defendant violated the terms of the Confidentiality Agreement. Defendant was served on June 20, 2017, but contests that service as improper. When this was brought to Plaintiff's attention following a Substitution of Counsel for Defendant, Defendant's new attorney signed an "acceptance of service" document with the original Complaint and summons on July 24, 2017.

Defendant subsequently moved for dismissal based on lack of personal jurisdiction, which was denied, and filed an Answer to the original Complaint. Following Defendant's responses to Plaintiff's Requests for Admission, Plaintiff filed an Amended Complaint to clarify that only one contract—now titled the "hourly rate" contract—was at issue in this suit. Plaintiff filed this Amended Complaint on July 19, 2018. The changes in the amended version were minimal. This case had several motions and a trial date for September 2018 set in the Clackamas County Circuit Court before Defendant removed it to this court under 28 U.S.C. §§ 1332, 1441, and 1446(d) on August 20, 2018.

In her Notice of Removal, Defendant argues that Plaintiff's Amended Complaint sought a "much more broad sweeping declaration that seeks to include 'ALL' Agreements between the

parties." Notice of Removal [1] ¶ 10. Defendant argues that diversity jurisdiction exists based on the Amended Complaint's newly broadened issues. She alleges that the requirement for the amount in controversy is now met because she plans on seeking damages in excess of $100,000 for breach of contract, quasi contract, and "other legal theories." *Id*. Plaintiff moved to remand.

## LEGAL STANDARD

28 U.S.C. § 1441(a) allows any civil action originally brought in state court to be removed by the defendant to a district court in the same district if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1332 grants federal courts jurisdiction--also known as diversity jurisdiction—over any civil action where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1446 governs the procedural requirements for removing a civil action. Section 1446 provides:

> (b) (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> (c) Requirements; removal based on diversity of citizenship.--
>
> (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
>
> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> (3)
> (A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).
>
> (B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The "strong presumption" against removal places the burden of establishing that removal is appropriate on the defendant. *Gaus v. Miles*, 980 F.2d at 566. If a plaintiff wishes to challenge removal, filing a motion to remand is the proper response. *Burkholder v. Asbestos Claims Mgmt Corp.*, No. 07-CV-781-BR, 2007 WL 2463307, at *1 (D. Or. Aug 28, 2007).

If an action was not removable based on the initial complaint but later becomes removable, a notice of removal must be filed within 30 days of receiving a copy of an amended pleading from which it may first ascertained that the action is removable. 28 U.S.C. § 1446(b)(3) A case that is not removable when first pled in state court may later become

removable if a complaint is amended in a way that creates federal jurisdiction. *See Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918).

Section 1446(c)(1) places an additional burden on cases removed under diversity jurisdiction, requiring notice of removal under § 1332 to be filed within a year after commencement of the action. When an amended complaint discloses a change in the amount in controversy that adjusts the amount in controversy to greater than $75,000, a case may be removed, "provided only that it is less than one year old." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999).

In the Ninth Circuit, the one-year time limit of § 1446(c)(1) only applies to cases that fall under § 1446(b)'s second paragraph—cases that are not removable based on the initial complaint and later become removable. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). Cases that are removable based on information in the initial complaint are subject to the thirty-day statutory time limit of § 1446(b)(3). *Id*. The only exception to the one-year limitation is if a plaintiff acted in bad faith to prevent a defendant from removing. 28 U.S.C. § 1446(c)(1).

## DISCUSSION

Plaintiff argues that this case should be remanded due to Defendant's failure to remove in a timely manner, missing both the thirty-day and one-year statutory periods under 28 U.S.C. § 1446. Section 1446(b)(1) requires a defendant in a civil action to file a notice of removal within thirty days of receipt of a copy of the initial pleading. Defendant alleges that the Amended Complaint contained newly broadened legal issues, and therefore that she did not know enough to remove until she saw the Amended Complaint.

I do not have to determine at what point Defendant knew enough facts to remove this case because she has missed both deadlines under § 1446. If this case was removable based on

the facts alleged in the initial Complaint, Defendant was required to file for removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Defendant received a copy of the initial pleading and summons on July 24, 2017, through her attorney, Justin Stark. Notice for Removal [1] at 1. According to § 1446(b)(1), Defendant's thirty-day deadline to file a Notice for Removal expired on August 24, 2017. Plaintiff filed a Notice of Removal on August 20, 2018. Therefore, Plaintiff missed the deadline to remove based on the initial Complaint. § 1446(b)(1)

If this case was not removable based on the initial Complaint and only became removable based on the Amended Complaint, Defendant was required to file for removal within one year of commencement of the action. 28 U.S.C. § 1446(c)(1); *see Ritchey v. Upjohn Drug Co.*, 139 F.3d at 1316.

State law determines when an action is considered to have commenced. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("'Commencement' in this context refers to when the action was initiated in state court, according to state procedures."); *see also Herb v. Pitcairn*, 324 U.S. 117, 120 (1945). Oregon Rules of Civil Procedure § 12.020(1) provides that "an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant." *See also Torre v. Brickey*, 278 F.3d 917, 919 n.2 (9th Cir. 2002).

According to Oregon law and the facts as alleged by both parties, this action commenced when the Complaint was filed and a copy of that Complaint and summons was served on Defendant. Defendant's attorney signed an "acceptance of service" which contained the original Complaint and summons on July 24, 2017, thereby commencing this action. The one-year

limitation on removal under § 1446(c)(1) therefore expired on July 24, 2018. Because Defendant did not file her Notice of Removal until August 20, 2018, she missed the one-year deadline.

Finally, Defendant alleges that the one-year deadline should be tolled due to Plaintiff acting in bad faith. Courts may find bad faith if a plaintiff improperly manipulates the statutory rules for removal jurisdiction in order to keep a case in state court until after the one-year deadline. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003). Examples of bad faith include plaintiffs fraudulently adding defendants to destroy diversity and dismissing those defendants after the one-year deadline, plaintiffs serving defendants over a year after filing the action in state court, or plaintiffs amending the amount in controversy to meet the statutory minimum after a the one-year deadline has expired. *See, e.g., Kite v. Richard Wolf Med. Instruments Corp.*, 761 F.Supp. 597, 600–01 (S.D. Ind. 1989); *Ritchey v. Upjohn Drug Co.*, 139 F.3d at 1316; *Wilbanks v. N. Am. Coal Corp.*, 334 F. Supp.2d 921, 926–27 (S.D. Miss. 2004).

I find no evidence of bad faith in this case. Defendant argues bad faith exists because Plaintiff allegedly waited a month to serve her. However, Plaintiff made several attempts to ensure Defendant was served, which demonstrates diligence. Further, the statutory limit in question for both deadlines did not commence until Defendant was served, so any delay in service did her no harm.

Defendant further claims that Plaintiff acted in bad faith by filing an Amended Complaint, which Defendant alleges changed the amount in controversy, more than one year after filing the action. While Plaintiff filed an Amended Complaint more than one year after filing the action, the action had not commenced because Defendant had not yet been served with a copy of the initial Complaint and Summons, so neither time limit for removal had been triggered. As established, this action commenced for the purposes of the statutory limitations on

July 24, 2017. Plaintiff filed its Amended Complaint on July 19, 2018. Plaintiff amended its Complaint within one year of the action commencing, therefore Defendant fails to demonstrate bad faith.

**CONCLUSION**

For the reasons stated above, I find that Defendant did not file for removal in a timely manner, and I GRANT Plaintiff's Motion to Remand [3]. Plaintiff's Motion to Strike [9] is DENIED as moot, and this case is remanded to Clackamas County Circuit Court.

IT IS SO ORDERED.

DATED this 11th day of January, 2019.

*Michael W. Mosman*

MICHAEL W. MOSMAN
Chief United States District Judge